IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                      Case Nos.:    4:07cr45/MW/CAS
                                                       4:10cv458/MW/CAS

MICHAEL COLSON

_____

## REPORT AND RECOMMENDATION

    This matter is before the court upon Defendant's amended[1] motion to vacate, set

aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 64).  The Government

has filed a response (doc. 67) and Defendant filed a reply (doc. 68).  The case was

referred to the undersigned for the issuance of all preliminary orders and any

recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc.

R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After a careful review of

the record and the arguments presented, it is the opinion of the undersigned that

Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255

motion should be denied.  *See* Rules Governing Section 2255 Cases 8(a) and (b).

_____

[1]  Defendant's amended motion supersedes the initial motion, and the court will not consider
allegations or arguments raised therein (*see* docs. 63, 65).

## PROCEDURAL BACKGROUND

Defendant was charged with possess with intent to distribute more than five (5) grams of cocaine base in violation of § 841(b)(1)(B)(iii) (doc. 1).  The Government filed information regarding five prior felony drug convictions (doc. 12).

Defendant entered a plea pursuant to a written plea agreement and statement of facts (docs. 21–24).  In short, Defendant and a cooperating individual set up a meeting for a sale of crack cocaine, and Defendant was subsequently apprehended in possession of 14.2 grams of crack cocaine after a short high-speed chase (doc. 21).  At the plea colloquy, the court advised Defendant of the rights he would be giving up by entering a plea, including the right to present a defense and to appeal the question of his guilt (doc. 52 at 10–11), and the possible penalties he would face, including the minimum mandatory sentence (*id.* at 15–17).  Counsel noted on the record that he did not expect to make an argument at sentencing that Defendant had no prior convictions that would subject him to the enhancement (*id.* at 23).  Counsel also stated that although Defendant wished to cooperate, the Government was unwilling to extend him that option at that point (*id.* at 23–24).  Defendant affirmed to the court that he had fully discussed his case with counsel, including any possible defenses, and that he was satisfied with counsel's representation of him (*id.* at 26).

The Presentence Investigation Report ("PSR") was disclosed to the defense on October 15, 2007 (doc. 26).  Defendant's base offense level was 26, he received a two level upward adjustment due to his flight from law enforcement and a three level downward adjustment for his acceptance of responsibility for a total offense level of 25

(PSR ¶¶ 13–20). However, because he was considered a career offender under §
4B1.1, his total offense level after the downward adjustment for acceptance of
responsibility was 34 (PSR ¶¶ 21–23). Although Defendant also had 18 criminal history
points, his Criminal History category was automatically VI based on his career offender
status (PSR ¶¶ 37–39). The applicable guidelines range was 262–327 months
imprisonment.

At sentencing, the Government presented the testimony of three witnesses in
order to refute Defendant's attempts to downplay his responsibility and portray himself
as a "something which the government believes he is not" (doc. 49 at 4). The testimony
of the first witness, Abdul Al-Rahim Bond, was offered to prove that Defendant's actions
during the time in question were not motivated by drug addiction (*id.* at 7–20).
Investigator Sam Gereg of the Tallahassee Police Department testified about the
investigation into Defendant and the sequence of events on the night of Defendant's
arrest (*id.* at 30–45). He testified that he had never located any personal use
paraphernalia in all of his dealings with Mr. Colson (*id.* at 37–38). Officer Vincent
Boccio testified about Defendant's arrest, also mentioning the lack of pipes or
paraphernalia in the vehicle (*id.* at 50–53). Defendant called his son, Alfred Colson, to
testify about Defendant's drug addiction (*id.* at 54–56). Defense exhibits included bank
records and a letter explaining that $12,000 that Defendant once had in his bank
accounts was used to pay off a property lien (*id.* at 60–61). When given the opportunity
to address the court Defendant acknowledged his drug problem and asked the court for
leniency (*id.* at 62–63). Counsel argued for a below guidelines sentence in light of

Defendant's apparent status as a low-level drug dealer who was a veteran of the United

States Army (*id.* at 63–66). Defendant acknowledged that he had been convicted of "at

least one of" the offenses listed in the notice of enhancement and that he had no

argument against any of the listed offenses (*id.* at 72–73). After considering the factors

set forth in 18 U.S.C. § 3553(a), the court sentenced Defendant at the low end of the

applicable guidelines range to a term of 262 months imprisonment (doc. 39; doc. 49 at

73).

Defendant appealed, and appointed counsel filed an <u>Anders</u> brief. The Eleventh

Circuit affirmed Defendant's conviction and sentence, finding that independent

examination of the entire record revealed no arguable issues of merit (doc. 59). The

Supreme Court denied certiorari (doc. 61).

Defendant raises ten grounds for relief in his amended motion, which the

Government opposes in its entirety.

**LEGAL ANALYSIS**

<u>General Standard of Review</u>

Because collateral review is not a substitute for direct appeal, the grounds for

collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner

is entitled to relief under section 2255 if the court imposed a sentence that (1) violated

the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded

the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28

U.S.C. § 2255(a); <u>McKay v. United States</u>, 657 F.3d 1190, 1194 n. 8 (11th Cir. 2011).

"Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights

and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  The "fundamental miscarriage of justice" exception recognized in Murray v. Carrier, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal.  Rozier v. United States, 701 F.3d 681, 684 (11th Cir. 2012); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.  Nyhuis, 211 F.3d at 1343 (quotation omitted).  Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.  Sanders v. United States, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, a motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  Lynn, 365 F.3d at 1234–35; Bousley v. United States, 523 U.S. 614, 621 (1998);  McKay v. United States, 657 F.3d 1190, 1195 (11th Cir. 2011).  An issue is "'available' on direct

appeal when its merits can be reviewed without further factual development." <u>Lynn</u>, 365 F.3d at 1232 n. 14 (quoting <u>Mills</u>, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." <u>Lynn</u>, 365 F.3d at 1234; <u>Bousley</u>, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." <u>Lynn</u>, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See* <u>Nyhuis</u>, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. <u>Massaro v. United States</u>, 538 U.S. 500, 503 (2003); *see also* <u>United States v. Patterson</u>, 595 F.3d, 1324, 1328 (11th Cir. 2010). The benchmark for judging a claim of ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984). To show a violation of his constitutional right to counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. <u>Strickland</u>, 466 U.S. at 686; <u>Williams v. Taylor</u>, 529 U.S. 362, 390 (2000); <u>Darden v.</u>

United States, 708 F.3d 1225, 1228 (11th Cir. 2013). Strickland's two part test also applies to guilty pleas. Hill v. Lockhart, 474 U.S. 52, 58 (1985). A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial. *Id.* at 59. In applying Strickland, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. Strickland, 466 U.S. at 697; Brown v. United States, 720 F.3d 1316, 1326 (11th Cir. 2013).

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688; *see also* Dingle v. Sec'y for Dep't of Corr., 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to review counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Hammond v. Hall, 585 F.3d 1289, 1324 (11th Cir. 2009) (quoting Strickland, 466 U.S. at 689); Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000); Lancaster v. Newsome, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. Strickland, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); Chandler, 218 F.3d at 1315. When examining the performance of an

experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." Chandler, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." Lockhart v. Fretwell, 506 U.S. 364, 369–70 (1993); Allen v. Sec'y, Fla. Dep't of Corr., 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart, 506 U.S. at 369 (quoting Strickland, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. Glover v. United States, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. Smith v. White, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test. *See* Boyd v. Comm'r, Ala. Dep't of Corr., 697

F.3d 1320, 1333–34 (11th Cir. 2012); <u>Garcia v. United States</u>, 456 F. App'x 804, 807

(11th Cir. 2012) (citing <u>Yeck v. Goodwin</u>, 985 F.2d 538, 542 (11th Cir. 1993)); <u>Wilson v.</u>

<u>United States</u>, 962 F.2d 996, 998 (11th Cir. 1992); <u>Tejada v. Dugger</u>, 941 F.2d 1551,

1559 (11th Cir. 1991); <u>Stano v. Dugger</u>, 901 F.2d 898, 899 (11th Cir. 1990) (citing

<u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977)).

It is also well-established that counsel is not ineffective for failing to preserve or

argue a meritless claim. <u>Freeman v. Attorney General, Florida</u>, 536 F.3d 1225, 1233

(11th Cir. 2008); *see also* <u>Sneed v. Florida Dep't of Corrections</u>, 496 F. App'x 20 (11th

Cir. 2012) (failure to preserve meritless <u>Batson</u> claim not ineffective assistance of

counsel); <u>Lattimore v. United States</u>, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel

not ineffective for failing to make a meritless objection to an obstruction enhancement);

<u>Brownlee v. Haley</u>, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective

for failing to raise issues clearly lacking in merit); <u>Chandler v. Moore</u>, 240 F.3d 907 (11th

Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by

prosecutor, or accurate statements by prosecutor about effect of potential sentence);

<u>Meeks v. Moore</u>, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to

make meritless motion for change of venue); <u>Jackson v. Herring</u>, 42 F.3d 1350, 1359

(11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably

believes to be of questionable merit); <u>United States v. Winfield</u>, 960 F.2d 970, 974 (11th

Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless

issue).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." Chandler, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. Dingle, 480 F.3d at 1099; Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" Dingle, 480 F.3d at 1099 (quoting Adams v. Wainwright, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." United States v. Morrow, 977 F.2d 222, 229 (6th Cir. 1992).

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. See Chandler v. McDonough, 471 F.3d 1360, 1363 (11th Cir. 2006) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); Hill v. Moore, 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an

evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief.")); Ferguson v. United States, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. Peoples v. Campbell, 377 F.3d 1208, 1237 (11th Cir. 2004); Tejada, 941 F.2d at 1559; Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. Lynn, 365 F.3d at 1239.

Ground One– Introduction of Bank Records at Sentencing

Defendant contends that counsel was constitutionally ineffective because he failed to object to the Government's introduction of Defendant's bank records in order to support its position that Defendant, who was able to have a bank account, was not addicted to crack cocaine. The Government asked witnesses Bond and Alfred Colson about their knowledge of Defendant's accounts (doc. 49 at 14, 59), and both parties argued about the significance of the records (*id.* at 68, 71). However, the bank records in question were officially introduced as a defense exhibit (doc. 49 at 5). Regardless of who introduced them, the rules of evidence do not apply at sentencing hearings (*see* Fed. R. Evid. 1101(d)(3)), and therefore there would have been no basis for either party to object to the introduction of Defendant's financial records. Furthermore, the undersigned's review of the record does not suggest that Defendant's sentence, which fell at the low end of the applicable guidelines range, would have been any different absent the introduction of the records, even if there had been a valid basis for an

objection to the bank records.  Counsel was not constitutionally ineffective and

Defendant is not entitled to relief on this ground.

Ground Two– Failure to Object to Enhancement for Flight

Defendant received a two level upward adjustment to his guidelines level due to

his flight from law enforcement prior to his arrest (PSR ¶ 17).  He now asserts that

counsel was constitutionally ineffective because he did not object to the application of

this adjustment without the court making a "preponderance of the evidence" finding in

light of the fact that Defendant was not convicted of a separate crime related to the

flight.  As Defendant appears to acknowledge, the sentencing court is free to consider

relevant conduct established by a preponderance of the evidence, even absent a

conviction.  *See* United States v. Faust, 456 F.3d 1342 (11th Cir. 2006).  In this case,

Defendant admitted his flight from law enforcement in the written statement of facts and

during the plea colloquy.  Additionally, the court heard the testimony of two officer

witnesses at sentencing about how the events giving rise to Defendant's arrest

unfolded.  There was no basis for counsel to make an objection, and, because

counsel's failure to raise a non-meritorious claim is not constitutionally deficient,

Defendant is not entitled to relief.

Ground Three– Failure to Object to Hearsay Testimony

Defendant objects to counsel's failure to object to witness Bond's hearsay

testimony.  Bond, a friend of Defendant's son who purchased drugs from Defendant,

testified that both Defendant and his son had told Bond that Defendant was not using

drugs anymore, and that Bond also knew from observing Defendant on several occasions that Defendant "wasn't on any drugs" (doc. 49 at 12–13).

Defendant's suggestion that hearsay testimony is per se inadmissible is incorrect.  The Guidelines provide that hearsay is admissible at sentencing if it "has sufficient indicia of reliability."  U.S.S.G. § 6A1.3(a); *see* <u>United States v. Docampo</u>, 573 F.3d 1091, 1098 (11th Cir. 2009) ("Evidentiary requirements are more relaxed during a sentencing procedure, and reliable hearsay is admissible."); <u>United States v. Guerra</u>, 448 F. App'x 888 (11th Cir. 2011).

Additionally, counsel did object to some of the Government's questions regarding Bond's belief as to whether Defendant was addicted to crack cocaine during the time period in question (doc. 49 at 14–15).  He also cross examined Bond thoroughly, including about his comments regarding Defendant's savings account (*id.* at 21–26).  As there was no basis for counsel to make a hearsay objection, Defendant has not shown that counsel's performance was deficient or that he is entitled to relief.

<u>Ground Four– Failure to Object to the Testimony of Cooperating Witness</u>

Defendant also contends that counsel should have objected to Bond's testimony in light of Bond's interest in receiving a benefit for his cooperation.  Bond's motivation for his testimony, as well as the fact that Defendant was not the first individual against whom he testified, was explored by counsel during cross-examination (doc. 49 at 20–21, 25).  There was no basis for excluding Bond's testimony in its entirety as Defendant suggests.  Cooperating witnesses routinely testify in federal courts.   Counsel

was not constitutionally ineffective for his failure to object to Bonds' testimony, and

Defendant is not entitled to relief on this ground.

Ground Five– Failure to Object to Law Enforcement's Failure to Search CI

Defendant asserts that counsel was constitutionally ineffective because he failed

to object to the Government agent not searching the female CI who allegedly made a

controlled buy from Defendant on April 5, 2007.  He asserts that the CI's credibility and

reliability were untested, and should not have been used as a basis for obtaining a

search warrant for Defendant's apartment.  Defendant's assertions are utterly

misplaced.  Neither the PSR nor the Factual Basis for Plea mention a controlled buy or

a search of Defendant's apartment; the offense conduct stemmed exclusively from the

set-up of a single controlled buy from Defendant on May 8, 2007, and Defendant's

subsequent flight from law enforcement officers.  Defendant's allegations have no basis

in fact and no relief is warranted.

Ground Six– Failure to Object to Court's Failure to Consider Drug Addiction

Defendant contends that counsel was constitutionally ineffective because he

failed to object to the District court "not properly taken [sic] 3553-a sentencing factors

into account."  Specifically, Defendant references his drug addiction, and suggests that

he would have been offered rehabilitation and a downward sentencing departure had

counsel made this objection.

The issue of Defendant's drug addiction and its effect on Defendant's life and the

offense conduct in this case was a primary focus at sentencing, as defense counsel

argued it in his sentencing memorandum (doc. 29 at 14) and before the court (doc. 49

at 63, 64, 71). After hearing all the evidence and argument, the court stated on the record that it had considered the factors set out in 18 U.S.C. § 3553(a) (doc. 49 at 73). No basis for any further objection from counsel is apparent from the record, and therefore, Defendant has not shown that he is entitled to relief.

Ground Seven– Failure to Object to Government's Proof Regarding Prior Conviction

Defendant contends that counsel was constitutionally ineffective for his failure to object to the manner of proving the prior convictions used to enhance his sentence. Defendant admitted his prior convictions at sentencing as well as the fact that he had no argument against any of the four enumerated convictions (*see* doc. 49 at 72–73). As such, there was no factual or legal basis for counsel to make an objection, and Defendant's claim for relief fails.

Ground Eight– Failure to Object to Sentencing Disparity between Powder and Crack

Defendant asserts that counsel was constitutionally ineffective because he failed to object to the sentencing disparity between applicable sentences for powder and crack offenses. The argument Defendant now suggests was mentioned in counsel's sentencing memorandum. Counsel noted that disagreements with the policy decisions of the Sentencing Commission can support a below-guideline sentence and highlighted the disparity between the sentence Defendant would have faced if he had been dealing with powder cocaine rather than crack (doc. 29 at 7 n.4; doc. 29 at 13 n. 6). Thus, counsel raised the issue Defendant now claims he should have raised, counsel's performance was not constitutionally deficient, and Defendant is entitled to no relief.

Ground Nine– Failure to Object to the Format of the § 851 Notice

Defendant complains that counsel was remiss in not objecting to the Government's failure to strictly comply with the requirements of 21 U.S.C. § 851. Specifically, he draws the court's attention to the fact that the Government's notice stated that it was moving to enhance Defendant's sentence as provided under section 841 and 846 of Title 21 of the United States Code (*see* doc. 12 at 1). Defendant maintains that this was confusing to him because he was not charged or convicted of a conspiracy violation under 21 U.S.C. § 846. Although Defendant is correct that he was not convicted under § 846, there was no constitutional error in counsel's lack of objection to the Government's use of what amounts to standard boilerplate language in its notice of intent to seek enhanced penalties (doc. 12). Having shown neither deficient performance nor prejudice, he is not entitled to relief.

Ground Ten–Failure to Object to Court's non-compliance with Rule 32(f)(4)

Defendant's final claim for relief is that counsel was constitutionally ineffective because he failed to object to the court's error in not addressing Defendant and allowing him to speak at sentencing. Defendant is again factually mistaken. He was given the opportunity to and did address the court, asking for leniency due to his addiction and thanking his attorney for his support (doc. 49 at 62–63). There is no factual or legal basis for his claim and he is not entitled to relief.

Conclusion

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence

pursuant to 28 U.S.C. § 2255 have merit.  Nor has he shown that an evidentiary hearing is warranted.  Therefore Defendant's motion should be denied in its entirety.

## Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.  The amended motion to vacate, set aside, or correct sentence (doc. 64) be **DENIED**.

2.  A certificate of appealability be **DENIED**.

Case Nos.: 4:07cr45/MW/CAS; 4:10cv458/MW/CAS

At Tallahassee, Florida, this 16th day of October, 2013.


/s/Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).